## PRINCE LINE, Limited, v. AMERICAN PAPER EXPORTS, Inc.

District Court, S. D. New York.

Sept. 23, 1930.

Kirlin, Campbell, Hickox, Keating & Mc-Grann and Charles T. Cowenhoven, Jr., all of New York City, for libelants.

McManus, Ernst & Ernst, Irving L. Ernst, and Hugo I. Epstein, all of New York City, for respondent.

BONDY, District Judge.

This suit was brought to recover the difference between the freight rate charged by the libelant and paid by the respondent for the transportation of paper from ports in the United States to ports in the Far East, and the rate fixed by the Far East Conference, an association of steamship lines of which libelant is a member and by which it agreed to be bound. The rate schedule of the conference was filed with the Shipping Board.

The Shipping Act, United States Code, title 46, section 801 (46 USCA § 801), defines the terms "common carrier by water in foreign commerce" and "common carrier by water in interstate commerce" and expressly provides that the term "common carrier by water" means a common carrier by water in foreign commerce or a common carrier by water in interstate commerce.

Section 815 (46 USCA) provides: "It shall be unlawful for any common carrier by water, or other person subject to this chapter, either alone or in conjunction with any other person, directly or indirectly—

"First. To make or give any undue or unreasonable preference or advantage to any particular person, locality, or description of traffic in any respect whatsoever, or to subject any particular person, locality, or description of traffic to any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

"Second. To allow any person to obtain transportation for property at less than the regular rates then established and enforced on the line of such carrier, by means of false billing, false classification, false weighing, false report of weight, or by any other unjust or unfair device or means. * * * "

Section 816 (46 USCA) provides that no common carrier by water in foreign commerce shall demand, charge, or collect any rate, fare, or charge which is unjustly discriminatory between shippers or ports.

The Interstate Commerce Act, paragraph 7, § 6, title 49 USCA, provides that no common carrier engaged in interstate commerce shall charge or demand or collect or receive a greater or less or different compensation for transportation of passengers or property than the rates, fares, and charges which are specified in the tariff filed and in effect at the time; nor shall any carrier refund or remit in any manner or by any device any portion of the rates, fares, and charges so specified, nor extend to any shipper or person any privileges or facilities in the transportation of passengers or property, except such as are specified in such tariffs.

Construing this provision of the Interstate Commerce Act, the courts have held that the rate of the carrier duly filed is the only lawful charge, and that deviation from it is not permissible upon any pretext, and that no contract of the carrier can reduce the amount legally payable, and that no act or omission of the carrier can estop or preclude it from enforcing payment of the full amount by a person liable therefor, and that, though the rule may work hardship in some cases, it embodies the policy which has been adopted by Congress in the regulation of interstate commerce in order to prevent unjust discrimination. Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U. S. 59, 65, 44 S. Ct. 441, 68 L. Ed. 900; Louisville & N. R. Co. v. Maxwell, 237 U. S. 94, 97, 35 S. Ct. 494, 59 L. Ed. 853, L. R. A. 1915E, 665.

Every consideration referred to by the Supreme Court in these cases applies with

equal force and effect to the provision of the Shipping Act that it shall be unlawful for any common carrier by water directly or indirectly to allow any person to obtain transportation for property at less than the regular rates established and enforced on the line of such carrier by any unjust or unfair device or means whatsoever.

This provision is as explicit as is the Interstate Commerce Act in expressing the intention of Congress that the established rate is the legal rate which the carrier is bound to charge and the shipper to pay.

The libelant accordingly is entitled to a decree for the balance of the freight charges due under the filed schedules whether or not the libelant in violation of its obligation as a member of the Far East Conference agreed to make the transportation in question at a rate different from that fixed by the conference and filed with the Shipping Board, as the rate established and enforced on its line.

**THE SEAL.**
No. 3488–J.

District Court, S. D. California, Central Division.

May 15, 1929.

Ames Peterson, of Los Angeles, Cal., for claimant.

Samuel W. McNabb, U. S. Atty. and Emmett E. Doherty, Asst. U. S. Atty., both of Los Angeles, Cal., for libelant.